## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLORIA GASKIN,                              :
                                           :
      Plaintiff,                    :    CIVIL ACTION NO.: 4:26-CV-00721
                                           :
    v.                                     :
                                           :
SCHOLAR STATE COLLEGE                       :
MANAGER, LLC d/b/a SCHOLAR                  :
STATE COLLEGE, TAPESTRY                     :    **JURY TRIAL DEMANDED**
COLLECTION BY HILTON,                       :
                                           :    *ELECTRONICALLY FILED*
      Defendant.                    :

## COMPLAINT

Plaintiff, GLORIA GASKIN, a resident of Centre County, Pennsylvania, by and through her attorneys, WEISBERG CUMMINGS, P.C., brings this civil action for damages against the above-named Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.    This Complaint alleges illegal discrimination on the basis of Plaintiff's race in violation of the laws and statutes of the United States of America, specifically: Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), as amended 42 U.S.C. §1981; Title VII of the Civil Rights Act of 1964 ("Title VII"),

as amended, 42 U.S.C. §2000e *et seq*.; 28 U.S.C. §§1331 and 1343; as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. (the "PHRA").

2.      The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

3.      This Court has, and should exercise, jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5.      Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and §2202.

## THE PARTIES

6.      Plaintiff, Gloria Gaskin ("Ms. Gaskin" or "Plaintiff"), is an African American adult, who resides in Centre County, Pennsylvania.

2

7. Defendant, Scholar State College Manager, LLC d/b/a Scholar State College, Tapestry Collection by Hilton ("Scholar" or "Defendant"), is a Pennsylvania limited liability company in the hotel industry, with a principal address and registered office located at 30 Ardmore Avenue, Ardmore, Montgomery County, Pennsylvania 19003.

8. At all times relevant to this Complaint, Scholar operated the Scholar State College, Tapestry Collection by Hilton hotel located at 205 East Beaver Avenue, State College, Centre County, Pennsylvania 16801 ("Scholar Hotel").

9. At all times relevant to this Complaint, Scholar employed in excess of fifteen (15) employees, including Ms. Gaskin, making Scholar an "employer" as defined under Title VII and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

10. On or about June 29, 2023, Ms. Gaskin filed a Charge of Discrimination with the Pennsylvania Human Relations Commissions (the "PHRC"), which was docketed as PHRC No. 202202349, alleging Scholar discriminated against and harassed her on the basis of race and retaliation for reporting race discrimination and harassment, along with instructions for the PHRC to dual file her discrimination and retaliation claims with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC No. 17F202360710.

3

11.    Ms. Gaskin has been advised of her individual right to bring a civil action by receiving both a one-year letter from the PHRC dated July 2, 2024, and a Notice of Right to Sue from the EEOC, dated December 22, 2025, and received soon thereafter.

12.    Ms. Gaskin has exhausted all administrative remedies available to her, and all necessary and appropriate EEOC and PHRC administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## STATEMENT OF FACTS

13.    On or about March 6, 2023, Ms. Gaskin was hired by Defendant as a full-time Laundry Attendant at the Scholar Hotel.

14.    Ms. Gaskin is an adult female of African American race and at the time of her hire, Ms. Gaskin was the only African American in her department and was one of only two African Americans employed at the Scholar Hotel.

15.    At all times material hereto, the only other African American employed at the Scholar Hotel was the Sales Manager, Tiffany Wren.  Since Ms. Wren was in an entirely different department than Ms. Gaskin, she was not Ms. Gaskin's direct report nor was she in Ms. Gaskin's chain of command.

16.    Within a week of starting her employment, Ms. Gaskin was subjected to discriminatory treatment by her Caucasian co-workers.  Among other things, these co-workers would:

a. destroy Ms. Gaskin's notes for the next shift;

b. intentionally disorganize the laundry room after Ms. Gaskin's departure;

c. hide laundry from Ms. Gaskin so that it would not be processed, washed, or returned to circulation; and

d. upon information and belief, steal money from Ms. Gaskin's purse.

17. Ms. Gaskin's Caucasian co-workers did not similarly sabotage the work performance of other Laundry Attendants and only targeted Ms. Gaskin.

18. Beginning on or about April 4, 2023, Ms. Gaskin started notifying the Scholar Hotel's management of the above behaviors.

19. The Scholar Hotel's management ignored Ms. Gaskin's complaints and no steps were taken to protect her from the above discriminatory targeting.

20. On or about May 12, 2023, Ms. Gaskin escalated her complaints to Defendant's corporate office and complained of racial discrimination to Defendant's Vice President of Human Resources, Laura Williams.

21. Ms. Williams did not conduct any investigation into the complaint raised by Ms. Gaskin and Defendant has admitted as much in its representations to the PHRC.

5

22.    Instead, on or about May 25, 2023, less than two weeks after her report of racial discrimination, Ms. Gaskin was called into a meeting with Defendant's Interim General Manager, Emily Watters.

23.    Ms. Wren, the Sales Manager, was also inexplicably included in the meeting.

24.    Ms. Watters informed Ms. Gaskin that she had spoken with Ms. Williams.

25.    With Ms. Wren as a witness, Ms. Watters accused Ms. Gaskin of calling a co-worker "retarded," refusing to perform her job duties, and being unwilling to work with the housekeeping team.

26.    None of the above accusations were founded in reality and instead were fabricated by Defendant as a pretext to terminate her in retaliation for her complaint of race discrimination.

27.    After the meeting, Defendant suspended Ms. Gaskin without pay indefinitely, effective May 22, 2023, pending investigation into the above baseless accusations.

28.    At the time of her suspension, Ms. Gaskin had not been subjected to any prior counseling or discipline.

## COUNT I

### VIOLATIONS OF 42 U.S.C. § 1981
*Race Discrimination*

29.     All prior paragraphs are incorporated herein as if set forth fully below.

30.     At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

31.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against and harass Plaintiff on the basis of her African American race, and thereby denied her the benefits of the contractual relationship she has entered into with the Defendant.

32.     Plaintiff has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, GLORIA GASKIN, seeks the damages against Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II

## VIOLATIONS OF 42 U.S.C. § 1981
### *Retaliation*

33.     All prior paragraphs are incorporate herein as if set forth fully below.

34.     At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (*i.e.*, an employment relationship).

35.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees to retaliate against Plaintiff by treating her less favorably than her Caucasian and non-African American coworkers and terminating her employment after she made frequent complaints of discrimination on the basis of her African American race, and thereby denying her the benefits of the contractual relationship she has entered with Defendant.

36.     Plaintiff has suffered damages as a direct result of Defendant's aforesaid unlawful actions.

**WHEREFORE**, Plaintiff, GLORIA GASKIN, seeks the damages against Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III

## VIOLATIONS OF TITLE VII
### *Race Discrimination and Harassment*

37.    All prior paragraphs are incorporated herein as if set forth fully below.

38.    Plaintiff was subjected to discrimination and harassment on the basis of her African American race in violation of Title VII, as described above.

39.    The race discrimination and harassment to which Plaintiff was subjected would have detrimentally affected any reasonable person in her position.

40.    Defendant's failure to maintain a workplace free from race discrimination and harassment was intentional, malicious, and in reckless indifference to Plaintiff's protected federal rights.

41.    At all times relevant and material to this Complaint, Plaintiff was a member of a protected class.

42.    As a result of Defendant's actions, Plaintiff has had her reputation damages and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

43.    Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendant's violation of her protected federal rights.

**WHEREFORE**, Plaintiff, GLORIA GASKIN, seeks the damages against Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV

### VIOLATIONS OF TITLE VII
### *Retaliation*

44.    All prior paragraphs are incorporated herein as if set forth fully below.

45.    As set forth above, subsequent to Plaintiff's complaints of race discrimination and harassment (hostile work environment) on the basis of her African American race, Defendant retaliated against Plaintiff by terminating her employment.

46.    As a result of Defendant's actions, Plaintiff has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, has endured public humiliation, ridicule and embarrassment before her family and friends, as well as sustained economic losses.

**WHEREFORE**, Plaintiff, GLORIA GASKIN, seeks the damages against Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT V

### VIOLATIONS OF PHRA
*Discrimination and Harassment*

47.    All prior paragraphs are incorporated herein as if set forth full below.

48.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count V arise out of the same facts, events, and circumstances as Counts I – IV and therefore judicial economy and fairness to the parties dictate that this Count V be brought in the same Complaint.

49.    By discriminating against and harassing Plaintiff because of her African American race, including engaging in the creation of and fostering of a hostile work environment, Defendant violated the provisions of Title 43 P.S. § 955 which prohibits discrimination and harassment based on race.

11

WHEREFORE, Plaintiff, GLORIA GASKIN, seeks the damages against Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT VI

### VIOLATIONS OF PHRA
### *Retaliation*

50.    All prior paragraphs are incorporated herein as if set forth full below.

51.    This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count VI arise out of the same facts, events, and circumstances as Counts I – V and therefore judicial economy and fairness to the parties dictate that this Count VI be brought in the same Complaint.

52.    By retaliating against Plaintiff for making good faith reports of discrimination and harassment based on her African American race, Defendant violated the provisions of Title 43 P.S. § 955 which prohibits discrimination and harassment based on race.

WHEREFORE, Plaintiff, GLORIA GASKIN, seeks the damages against Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, as set forth in the *Ad Damnum* clause of the instant Complaint, infra., which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, GLORIA GASKIN, prays that this Honorable Court enters judgment in her favor and against Defendant, SCHOLAR STATE COLLEGE MANAGER, LLC d/b/a SCHOLAR STATE COLLEGE, TAPESTRY COLLECTION BY HILTON, and that it enters an Order as follows:

a. Defendant is to be permanently enjoined from discriminating, harassing, or retaliating against Plaintiff on the basis of her race, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating, harassing, or retaliating against employees based on their race and/or any basis prohibited under applicable federal and state law, and is to be ordered to promulgate an effective policy against such discrimination, harassment and/or retaliation and to adhere thereto;

13

c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination, harassment and/or retaliation at the hands of Defendant until the date of verdict;

d.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e.  Plaintiff is to be awarded Punitive damages as provided for under Section 1981 and Title VII;

f.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable law;

14

i.  Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

j.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Dated:  <u>March 20, 2026</u>                    Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Steve T. Mahan*
Steve T. Mahan
PA I.D. #: 313550
smahan@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg
PA I.D. #: 83410
lweisberg@weisbergcummings.com


*/s/ Michael J. Bradley*
Michael J. Bradley
PA I.D. #: 329880
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*